FILED ORL INTAKE- USBC
9 JUL 2026 PM1:26

*Effective December 4, 2023*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE:    CASE NO. _____

**DEBORAH MILOTTE,**    CHAPTER 13
a/k/a Debbie Milotte,

Debtor.

---

## CHAPTER 13 PLAN
*(Original Plan)*

### A. NOTICES.

Debtor must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation that may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | ☐ Included | ☑ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | ☐ Included | ☑ Not Included |
| Provisions for student loan(s), set out in Section E. | ☐ Included | ☑ Not Included |
| Nonstandard Provisions, set out in Section E. | ☐ Included | ☑ Not Included |

**NOTICE TO DEBTOR:** IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION C.5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION C.5(j), TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION C.5(k), OR IF PAYMENTS TO A SECURED CREDITOR ARE NOT SPECIFICALLY INCLUDED IN THE PLAN PAYMENTS, THE AUTOMATIC STAY DOES NOT APPLY, AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.

SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.

### B. MONTHLY PLAN PAYMENTS.

Plan payments ("Plan Payments") include the Trustee's fee of 10% and shall begin 30 days from the petition filing/conversion date. Debtor shall make Plan Payments to the Trustee for the period of **60** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

| Plan Payment Amount | From Month | Through Month |
|---|---|---|
| $364.44 | 1 | 60 |

## C. PROPOSED DISTRIBUTIONS.

### 1. ADMINISTRATIVE ATTORNEY'S FEES.

Base Fee $_____     Total Paid Prepetition $_____     Balance Due $_____

MMM Fee $_____     Total Paid Prepetition $_____     Balance Due $_____

Estimated Monitoring Fee at $_____ per Month.

Attorney's Fees Payable Through Plan at $_____ Monthly (subject to adjustment).

### 2. DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. § 101(14A)).

NONE.

### 3. PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).

NONE. (Schedule E/F reports $0.00 priority unsecured claims.)

**4. TRUSTEE FEES.** From each Plan Payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

**5. SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Debtor's Plan Payments are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

**(a)** Claims Secured by Debtor's Principal Residence that Debtor Intends to Retain — Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).

NONE.

**(b)** Claims Secured by Other Real Property that Debtor Intends to Retain — Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).

NONE.

**(c)** Claims Secured by Real Property — Debtor Seeks Mortgage Modification Mediation (MMM).

NONE.

**(d)** Claims Secured by Real or Personal Property to Which 11 U.S.C. § 506 Valuation Applies (Strip Down).

NONE.

**(e)** Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.

NONE.

**(f)** Claims to Which 11 U.S.C. § 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a) (910-day / 1-year PMSI).

NONE.

**(g)** Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan Under 11 U.S.C. § 1322(b)(2) and § 1322(c)(2). The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last 4 of Acct. | Creditor | Collateral Description/Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| — | Orange County Tax Collector | Ad valorem property taxes — 1311 Hoffner Avenue, Orlando, FL 32809 | $26,847.00 | $_____ | ____% |

(h)  Claims Secured by Personal Property — Maintaining Regular Payments and Curing Arrearages Under 11 U.S.C. § 1322(b)(5).
NONE.

(i)  Secured Claims Paid Directly by Debtor.
NONE.

(j)  Surrender of Collateral/Property that Secures a Claim.
NONE.

(k)  Secured Claims that Debtor Does Not Intend to Pay.
NONE.

## 6. LEASES/EXECUTORY CONTRACTS.

(a) Assumption — Paid and Arrearages Cured Through the Plan: NONE.
(b) Assumption — Paid Directly by Debtor: NONE.
(c) Rejection of Leases/Executory Contracts and Surrender: NONE.

**7. GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above-referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $_____.

| Last 4 of Acct. | Creditor | Nature | Scheduled Amount |
|---|---|---|---|
| — | Prosper Funding LLC | Loan | $42,000.00 |
| 2160 | Wells Fargo | Credit card | $8,792.00 |
| 5453 | Velocity Investments, LLC (successor to Prosper Funding/WebBank) | Account | $9,268.57 |
| 6044 | PayPal | PayPal | $1,256.00 |
| 6011 | Discover Bank | Credit card | $17,691.00 |
| 4815 | Truist Bank | Credit card | $2,481.00 |
| **TOTAL** | **General Unsecured** | | **$81,488.57** |

## D. GENERAL PLAN PROVISIONS:

1. Secured creditors, whether or not provided for under the Plan, shall retain the liens securing their collateral.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by order of the Court.

3. Property of the estate (check one):

☑ (a) shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

☐ (b) shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor must timely file all tax returns and make all tax payments and deposits when due. For each tax return that becomes due after the case is filed, Debtor must provide a complete copy of the tax return, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing. Unless consented to by the Trustee or ordered by the Court, Debtor must turn over to the Trustee all tax refunds in addition to the Plan Payments, must not instruct any taxing agency to apply a refund to the following year's liability, and must not spend any tax refund without the Trustee's consent or Court approval.

**E. NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).**

Note: Any nonstandard provisions of this Plan other than those set out in this Section are deemed void and are stricken.

The proceeds (approximately $40.000) from the estate of mother Margaret Amodeo will be paid into the bankruptcy estate.

### CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

**SIGNATURE(S):**

_____     Date: _06/27/2026_
Deborah Milotte, Debtor